UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
LOXLEY BROWN,

                              Plaintiff,

               -against-

Police Officer ANGELO PIZZARO, Shield No. 29275; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

15 CV 791

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Loxley Brown ("plaintiff" or "Mr. Brown") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Angelo Pizzaro, Shield No. 29275 ("Pizzaro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Piazzaro is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

11. At approximately 11:45 p.m. on July 3, 2014, Mr. Brown was lawfully in the vicinity of Surf Avenue and 30th Street in Brooklyn, New York.

12. While inside of a bodega to buy juice, a defendant officer, in plain clothes, pointed his gun at Mr. Brown.

13. Scared, Mr. Brown put his hands up.

14. Defendants aggressively charged Mr. Brown and forced him to the ground.

15. Without probable cause or reasonable suspicion to believe Mr. Brown had committed a crime or offense, defendants arrested him.

16. Defendants searched Mr. Brown and no contraband was recovered.

17. Plaintiff was tightly handcuffed and taken to a police precinct.

18. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Brown in criminal possession of a weapon and prepared false paperwork, including an arrest report.

19. At no point did the officers observe plaintiff commit any crime or offense.

20. Mr. Brown was eventually taken to Brooklyn Central Booking.

21. On July 4, 2014, Mr. Brown was arraigned in Kings County Criminal Court where bail was imposed.

22. Because Mr. Brown could not make bail, he was remanded to Rikers Island.

23. Mr. Brown had never before been to Rikers Island.

24. Mr. Brown was strip searched while incarcerated on Rikers Island.

25. On July 9, 2014, Mr. Brown appeared in criminal court, where he was offered an adjournment in contemplation of dismissal, which he accepted.

26. After approximately six days in jail, Mr. Brown was released.

27. Mr. Brown suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, damage to his reputation and unlawfully strip searched.

## FIRST CLAIM
**Unlawful Stop and Search**

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants created false evidence against plaintiff.

39. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

40. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Failure To Intervene

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

44. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: February 13, 2015
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*